# IN THE COURT OF APPEALS OF IOWA

No. 13-1491
Filed August 27, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN MICHAEL CORNELIUS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.


        Ryan Cornelius appeals the judgment and sentence entered following his

conviction for serious injury by vehicle.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Martha Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, John P. Sarcone, County Attorney, and James Ward, Assistant County

Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Ryan Cornelius appeals the judgment and sentence entered following his conviction for serious injury by vehicle, in violation of Iowa Code section 707.6A(4) (2013). To convict Cornelius, the jury had to find beyond a reasonable doubt that he unintentionally caused a serious injury by driving a motor vehicle "in a reckless manner with willful or wanton disregard for the safety of persons or property." *See* Iowa Code § 707.6A(2)(a), (4). Cornelius contends there is insufficient evidence to establish he acted recklessly with willful disregard for the safety of others.

We review claims of insufficient evidence for correction of errors at law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We view the evidence in the light most favorable to the State and afford the State all reasonable inferences that may be drawn from it. *Id.* at 439-40. We will uphold the verdict if there is substantial evidence in the record to support it. *Id.* at 440.

Upon our review, we conclude the facts establish Cornelius was engaged in reckless behavior with willful disregard for the safety of others. Cornelius was driving at a high rate of speed when he crossed into a lane of oncoming traffic to swerve around a vehicle that was lawfully stopped at an intersection, ignored the traffic control device, and proceeded through the intersection. While the rate of speed at which Cornelius was traveling before the crash was not conclusively established, his passenger and the pursuing officer estimated the vehicle's speed

between two and three times the posted speed limit.[1]  Cornelius was traveling so fast that as he crossed the intersection, the vehicle he was driving became airborne before striking a utility pole, a house, a fence, and a tree.

"Reckless driving is composed of three elements: (1) a conscious and intentional operation of a motor vehicle, (2) in a manner that creates an unreasonable risk of harm to others, (3) when this risk is or should have been known to the driver."  *State v. Atwood*, 602 N.W.2d 775, 784 (Iowa 1999).  To prove recklessness sufficient to support a conviction under section 707.6A, "the State must prove that the defendant engaged in conduct 'fraught with a high degree of danger,' conduct so obviously dangerous that the defendant knew or should have foreseen that harm would flow from it."  *State v. Sutton*, 636 N.W.2d 107, 112 (quoting *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993)).  By speeding at an excessive rate, swerving around the vehicle that was stopped at the intersection, and ignoring the traffic signals, Cornelius was engaged in conduct so obviously dangerous that he knew or should have foreseen the harm he was engendering.  *See Atwood*, 602 N.W.2d at 784 (holding recklessness was established where defendant was traveling at a high rate of speed and crossed into the oncoming lane of traffic before traveling over several lawns and flipping).

Cornelius proposes alternative causes for the crash—worn tires and a crown in the road—suggesting the crash was not a result of his conscious and

---

[1] The passenger estimated the vehicle's speed to be "at least" sixty miles per hour but less than one hundred miles per hour.  The police officer estimated that Cornelius was traveling at a speed of at least eighty miles per hour.  Cornelius was traveling through a residential area at the time.

intentional act. However, his passenger testified "there was no question" they did not plan to stop unless there was crossing traffic. He clarified that they were not traveling so fast that they were unable to stop; if there was an indication of crossing traffic, they would have. This testimony supports a finding that Cornelius acted consciously and intentionally when he sped through the intersection without stopping, and by doing so, lost control of his vehicle. Viewing the record evidence and the inferences that can be drawn from it in the light most favorable to the State, we conclude ample evidence supports the verdict, and accordingly, we affirm.

**AFFIRMED.**